# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT ROBINSON,<br>    **Plaintiff** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-2875** |
| | : | |
| FREEMAN, MATHIS &<br>GARY LLP, *et al.*,<br>    **Defendants** | : | |

## MEMORANDUM

**PRATTER, J.**                                                                           JULY /3, 2021

Plaintiff Albert Robinson has filed a *pro se* complaint alleging that the named defendants perpetrated an interstate fraud scheme and inflicted harm upon Mr. Robinson and his business interests. *(See generally* ECF No. 2.) The Complaint pleads causes of action pursuant to, *inter alia*, 42 U.S.C. § 1983; the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42. U.S.C. § 2000cc; and various Georgia statutes. (*Id.*) Additionally, it includes claims pursuant to Georgia common law. (*Id.*) Named as defendants are the law firm of Freeman, Mathis & Gary LLP ("FMG"); Wesley Calvin Jackson, Esquire; John Doe, an employee of the Dooly County Sheriff's Office; Dooly County, Georgia; Morcos Ilkadious, Esquire; and John Doe or Jane Doe, an employee of the Florida Department of Highway Safety and Motor Vehicles ("FHSMV Employee"). (*Id.*) Mr. Robinson has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.)

Mr. Robinson's claims arise from a traffic stop that occurred in Dooly County, Georgia, in June 2019 that resulted in his arrest and subsequent detention. (*See* ECF No. 2 at ¶¶ 11-14.) Mr. Robinson asserts jurisdiction based on both federal question under 28 U.S.C. § 1331 and

diversity under 28 U.S.C. § 1332 as the basis for this Court's jurisdiction. (ECF No. 2 at ¶¶ 2, 82.) He also seeks to have the Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over his state law claims. (*Id.*) Mr. Robinson avers that venue is proper here pursuant to 18 U.S.C. § 1965(b) because FMG transacts business in, and resides in, this District. (*Id.* at ¶ 2, 7, 83.)[1]

Although Mr. Robinson did not bring it to this Court's attention, a search of the PACER docketing system reveals that Mr. Robinson commenced an action on April 24, 2020, in the United States District Court for the Middle District of Georgia based on the same underlying incident. *See Robinson v. McNeese*, Civ. A. No. 20-160 (M.D. Ga.) (hereinafter the "Georgia matter"). In that earlier case, Mr. Robinson presented claims against Johnathan Chase McNeese, a Dooly County Sheriff; Dooly County, Georgia; David Keith Oaks; and Tiffany Huggins, an employee of the Department of Highway Safety. He alleged that the defendants engaged in a conspiracy to deprive him of his civil rights by falsely arresting him and detaining him with the sole design to prevent him from appearing and testifying at a court hearing. (*See* Georgia matter at ECF No. 42). The claims were dismissed with the exception of Mr. Robinson's false arrest claim against Mr. McNeese, which was allowed to proceed for factual development. (*Id.*) After that case proceeded for several months, the District Court granted Mr. McNeese's motion for summary judgment on the false arrest claim and the case was closed. (*See* Georgia matter at ECF No. 86). Mr. Robinson appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit but withdrew his appeal on April 22, 2021. (Georgia matter at ECF No. 99.)

---

[1] The RICO venue provision provides: "Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C.A. § 1965(a).

In the present Complaint here, without referencing the Georgia matter, Mr. Robinson alleges that Mr. Jackson "with knowing intent and malice aforethought has filed numerous false and fabricated documents into a U.S., District Court in the State of Georgia and has, in exchange for monetary remuneration, aided in the original crime by attempting to conceal it and/or deceive the Court and followers of the case." (ECF No. 2 at ¶ 6.) He claims that Mr. Jackson is part of an elaborate interstate scheme to falsely arrest drivers in order to generate revenue from the false arrests. (*See id.* at ¶¶ 82-148.) It appears that Mr. Jackson represented defendant Mr. McNeese in the Georgia matter. (*See, e.g.*, Georgia matter at ECF No. 4.)

It also appears that Defendant Doe who Mr. Robinson identifies only as an employee of the Dooly County Sheriff's office, *see* ECF No. 2 at ¶ 8, is actually Mr. McNeese in the Georgia matter. Mr. Robinson attached as an exhibit to his Complaint a copy of the citation issued to Mr. Robinson on June 26, 2019 by the Dooly County Sheriff's office for "driving while license suspended or revoked." (*See* ECF No. 2-1 at 17.) The citation lists C. McNeese as the issuing officer. (*Id.*) In the Georgia matter, Mr. Robinson brought numerous claims Mr. McNeese, including false arrest, false imprisonment, cruel and unusual punishment, and conspiracy to violate his constitutional rights. (*See* Georgia matter at ECF No. 42, pp. 9-10.) Similarly, Mr. Robinson seeks to bring claims against Defendant Doe for, *inter alia*, false arrest, malicious prosecution, and unreasonable search and seizure in connection with his arrest by "Defendant Doe" on June 26, 2019, for driving with a suspended license. (*See* ECF No. 2 at ¶¶ 11-21, 40-55.) Dooly County also was a named defendant in the Georgia matter; however, it was dismissed for lack of service. (*See* Georgia matter at ECF No. 44.) Mr. Robinson now alleges that Dooly County "is the ringleader of the fraud scheme." (ECF No. 2 at ¶ 7.) He brings numerous claims against the County, including false imprisonment, Religious Land Use and Institutionalized Persons Act violations, intentional infliction of emotional distress, malicious

3

prosecution, conditions of confinement, federal and Georgia RICO claim, and unjust enrichment under Georgia law. (*Id.* at ¶¶ 22-46, 56-62, 73-148.)

It is quite plausible that several of the claims raised by Mr. Robinson here are barred by the doctrine of *res judicata*. Nonetheless, it also appears that venue properly lies elsewhere. "A court may . . . raise considerations of venue *sua sponte*." *Garcia v. Pugh*, 948 F. Supp. 20, 23 n.5 (E.D. Pa. 1996) (citing *Kirby v. Mercury Sav. and Loan Ass'n*, 755 F. Supp. 445, 448 (D.D.C. 1990)). The Court acknowledges that a plaintiff's "choice of forum is a paramount consideration that should not lightly be disturbed." *Ayling v. Travelers Prop. Casualty Corp.*, Civ. A. No. 99-3243, 1999 WL 994403, at *2 (E.D. Pa. Oct. 28, 1999). "However, courts give substantially less weight to a plaintiff's forum choice when the dispute at the heart of a lawsuit occurred almost entirely in another state." *Santi v. Nat'l Bus. Recs. Mgmt., LLC*, 722 F. Supp. 2d 602, 607 (D.N.J. 2010) (citing *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 321 (D.N.J. 1998); *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 481-82 (D.N.J. 1993)).

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) (noting that a district court may transfer a case pursuant to a party's request or *sua sponte*) (citing 28 U.S.C. §§ 1404, 1406); *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011) (recognizing *sua sponte* transfer pursuant to § 1404(a)); *see also Bent Glass Design v. Scienstry, Inc.*, Civ. A. No. 13-4282, 2014 WL 550548, at *6 (E.D. Pa. Feb. 12, 2014) (noting that "a district court may upon motion or *sua sponte* dismiss or transfer a civil action to any other district in the interest of justice and/or for the convenience of parties and witnesses"); *Schott v. Doe*, Civ. A. No. 05-1730, 2007 WL 539645, at *1 (W.D. Pa. Feb. 15,

4

2007) (transferring case *sua sponte* pursuant to § 1404(a)) (citing *Robinson v. Town of Madison*, 752 F. Supp. 842, 846 (N.D. Ill.1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.")); *Bank Express Int'l v. Kang*, 265 F. Supp. 2d 497, 507 n.12 (E.D. Pa. 2003) (transferring venue under § 1404(a) *sua sponte*). The court has broad discretion in making determinations under § 1404(a), and convenience and fairness are considered on a case-by-case basis. *Bent Glass Design*, 2014 WL 550548, at *7.

"When deciding . . . whether to transfer venue under § 1404(a), a court should not limit itself solely to the factors enumerated in § 1404(a), but should consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer." *Baez v. Prison Health Servs., Inc.*, Civ. A. No. 06-4923, 2009 WL 2776535, at *3 (E.D. Pa. Aug. 27, 2009) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995)). In *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995), the United States Court of Appeals for the Third Circuit provided "a non-exhaustive set of factors guiding a decision on whether to transfer; these factors relate to the 'private interest' of the parties and witnesses, and the 'public interest' of the courts and the administration of justice." *Id.*[2]

Mr. Robinson does not state where he resides and alleges only that he is a citizen of the United States. (*See* ECF No. 2 at ¶ 3.) However, the address he provided for filing purposes is a

---

[2] The *Jumara* factors include the parties' forum preferences, where the claims arose, the convenience of the parties relative to their physical and financial condition, the convenience of witnesses to the extent they may be unavailable in one of the fora, the location of the books and records, the enforceability of the judgment, the relative administrative difficulties in the two fora, the local interest of deciding local controversies at home, the public polices of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases. *See Jumara*, 55 F. 3d at 879-80.

post office box in Suwanee, Georgia, which is in the Northern District of Georgia. It appears that Mr. Jackson is a partner with his law firm's Atlanta, Georgia office, which also lies in the Northern District of Georgia.[3]

The genesis of the events at issue occurred in Dooly County, Georgia when Mr. Robinson was stopped, arrested, and detained there in June 2019. Dooly County is located in the Middle District of Georgia. Mr. Robinson identifies Defendant Doe as "an employee of the [Dooly County] Sheriff's Office." (*See* ECF No. 2 at ¶ 8.) This supports the inference that Defendant Doe also resides in the Middle District of Georgia. Based on the Complaint, Mr. Robinson's claims against Defendant Doe and Dooly County arose in the Middle District of Georgia.

Mr. Robinson does not provide information regarding where Mr. Ikladious resides, and does not provide specific information regarding John/Jane Doe who is identified as an employee of the Highway Safety Department.[4] Nevertheless, based on Mr. Robinson's Complaint, it is clear that, with the exception of the Law Firm, no other defendant resides in the Eastern District of Pennsylvania. Mr. Robinson's allegations are not related in any way to events that occurred in Pennsylvania, let alone this District, and Mr. Robinson himself does not reside here. Based on the Complaint, Mr. Robinson's only connection to the Eastern District of Pennsylvania is that

---

[3] According to its website, the firm has three offices in Georgia, as well as seven offices in California, two offices in New Jersey, and two offices in Pennsylvania. *See* https://www.fmglaw.com/locations.php (last visited July 12, 2021). It also has offices in Connecticut, Florida, Kentucky, Massachusetts, New York, and Rhode Island. (*Id.*) Mr. Jackson is listed as a partner in the firm's Atlanta office. *See* https://www.fmglaw.com/loc_atlanta.php (last visited July 12, 2021).

[4] Mr. Robinson includes Mr. Ikladious and the Highway Safety department employee in the federal and state RICO allegations, but also contends that these defendants violated his Constitutional rights by interfering with his ability to drive in Florida. (*See* ECF No. 2 at 62-72.)

Mr. Jackson's law firm has an office in Philadelphia, among numerous other cities.[5] Had Mr. Robinson not named the firm as a defendant, venue would not lie in the Eastern District of Pennsylvania, because none of the other defendants reside here and none of the events recited in Mr. Robinson's claims occurred here.

The Court finds that a consideration of the relevant factors as they pertain to Mr. Robinson's claims against all defendants in the instant case weighs in favor of transferring Mr. Robinson's case to the United States District Court for the Middle District of Georgia. It is clear that the preferred venue for litigation of this particular case, which involves claims arising in Georgia, as well as claims arising under Georgia law, would be the Middle District of Georgia. Thus, it is in the interest of justice to transfer this action.

This Court expresses no opinion, however, on the merits of Mr. Robinson's claims.

BY THE COURT:

_____
GENE E.K. PRATTER, J.

---

[5] Mr. Robinson's claims against the law firm allege that the firm employed, trained, and supervised Mr. Jackson to cover-up public corruption. (ECF No. 2 at 88.) He further avers that the firm was notified and supplied with evidence that Defendant Doe was filing and using fabricated evidence over the internet and through the United States Postal Service "in order to deceive the Court and cover-up the [public corruption]," presumably in the MDGA matter. (*Id.*) Although Mr. Robinson includes the law firm in the legal allegations in various counts of his Complaint, he includes no further factual allegations against it. (*See id.* at ¶¶ 88-141.)